# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1661V

| | |
|---|---|
| ANTHONY FLORES,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2024 |

*Justin Aaron Smith*, Sloan Bagley Hatcher & Perry Law Firm, Longview, TX, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 4, 2021, Anthony Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine he received on October 24, 2019. Petition, ECF No. 1. On October 12, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,139.02 (representing $22,497.80 in fees, plus $3,641.22 in costs). Petitioner's Application for Fees and Costs ("Motion") filed March 4, 2024, ECF No. 53. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* Respondent reacted to the motion on March 13, 2024, reporting that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the rate of $394 per hour for attorney Justin A. Smith for all time billed in the 2020-24 timeframe. Mr. Smith has been a licensed attorney since 2010 (ECF No. 53-1), placing him in the rage of attorneys with 11 - 19 years' experience, based on the OSM Attorneys' Fee Schedules.[3] Petitioner also requests the hourly rate of $163 for all time billed by paralegals. I find these rates to be reasonable and hereby award them in full. However, the requested hourly rate of $253 for attorney J. Kendon Womack for time billed in 2022 requires adjustment. *Id.*

Petitioner did not file an affidavit or any other supporting information to supplement Mr. Womack's requested hourly rate. It is incumbent upon Petitioner's counsel to in the future provide such substantiation to support such requests. Additionally, it does not appear that Mr. Womack is admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to receive fees of an admitted attorney. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Rather, all time billed by Mr. Hadlow must be compensated at non-attorney, paralegal rates. **I shall instead award Mr. Womack the lesser rate of $172 per hour for all time billed in the 2021-23 timeframe.** This results in a reduction of the amount of fees to be awarded of **$64.80**.[4]

## ATTORNEY COSTS

Petitioner requests $3,641.22 in overall costs. Motion at 27-41. Such costs reflect the expenses of obtaining medical records, postage and copying costs, and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 53-1 at 27-41. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[5]

---

[3] The Attorneys' Fee Schedules are available at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($253 - $172 = $81 x 0.80 hrs. = $64.80).

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). I will therefore only permit reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but disallow reimbursement for all other unsubstantiated costs herein. **This results in a reduction in the total amount of litigation costs to be awarded by $3,239.22.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$22,899.80 (representing $22,497.80 in fees plus $402.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Justin A. Smith.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4